UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

SUSAN V.,[1]

                Plaintiff,

      v.

COMMISSIONER, Social Security
Administration,

                Defendant.

Case No. 6:20-cv-00907-CL

**OPINION AND ORDER**

**CLARKE**, United States Magistrate Judge:

Plaintiff Susan R. V. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and supplemental security income ("SSI") under Title XVI. This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Vic.

---

[1] In the interest of privacy, the Court uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

P. 73 and 28 U.S.C. § 636(c). *See* ECF No. 6. For the reasons provided below, the

Commissioner's decision is REMANDED.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB in May 2017 with an alleged onset date of June 1,

2015. Tr. 207[2]. Plaintiff also filed an application for SSI in May 2017 with an alleged onset date

of June 1, 2015. Tr. 214. Plaintiff's applications were denied initially in June 2016, and again

upon reconsideration in November 2017. Tr. 78–123. Plaintiff requested a hearing before an

Administrative Law Judge ("ALJ"), Tr. 147–48, and a hearing was held in February 2019. Tr.

18. After the hearing, Plaintiff amended her alleged onset date, via motion, to June 22, 2016. Tr.

234. On April 1, 2019, the ALJ issued a decision finding Plaintiff not disabled within the

meaning of the Act. Tr. 27. The Appeals Council denied Plaintiff's request for review, making

the ALJ's decision the final decision of the Commissioner. Tr. 1. Plaintiff's timely appealed

followed.

## FACTUAL BACKGROUND

Plaintiff was 59 years old on her alleged onset date. Tr. 234[3]. She obtained her GED and

has past relevant work experience. Tr. 26, 250. Plaintiff alleges disability based on

back/degenerative disk disease, hips/bursitis, osteoporosis, arthritis, HBP, and heart issues. Tr.

249.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful

activity by reason of any medically determinable physical or mental impairment which . . . has

---

[2] "Tr." citations are to the Administrative Record. ECF No. 14.
[3] Referencing the alleged onset date, with date of birth calculated using the amended onset date and Plaintiff's date of birth. Plaintiff's advanced age was never discussed at the hearing, nor in the ALJ's decision.

lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for

determining whether an applicant is disabled within the meaning of the Social Security Act."

*Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially

dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks

the following series of questions:

1.     Is the claimant performing "substantial gainful activity"? 20 C.F.R.
       §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving
       significant mental or physical duties done or intended to be done for pay
       or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing
       such work, she is not disabled within the meaning of the Act. 20 C.F.R.
       §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing
       substantial gainful activity, the analysis proceeds to step two.

2.     Is the claimant's impairment "severe" under the Commissioner's
       regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless
       expected to result in death, an impairment is "severe" if it significantly
       limits the claimant's physical or mental ability to do basic work activities.
       20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted
       or must be expected to last for a continuous period of at least 12 months.
       20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe
       impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii);
       416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis
       proceeds to step three.

3.     Does the claimant's severe impairment "meet or equal" one or more of the
       impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so,
       then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii);
       416.920(a)(4)(iii). If the impairment does not meet or equal one or more of
       the listed impairments, the analysis proceeds to the "residual functional
       capacity" ("RFC") assessment.

       a.     The ALJ must evaluate medical and other relevant evidence to assess
              and determine the claimant's RFC. This is an assessment of work-
              related activities that the claimant may still perform on a regular and
              continuing basis, despite any limitations imposed by his or her
              impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e);
              416.945(b)-(c). After the ALJ determines the claimant's RFC, the
              analysis proceeds to step four.

4.      Can the claimant perform his or her "past relevant work" with this RFC
        assessment? If so, then the claimant is not disabled. 20 C.F.R.
        §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform
        his or her past relevant work, the analysis proceeds to step five.

5.      Considering the claimant's RFC and age, education, and work experience,
        is the claimant able to make an adjustment to other work that exists in
        significant numbers in the national economy? If so, then the claimant is
        not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v);
        404.1560(c); 416.960(c). If the claimant cannot perform such work, he or
        she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954–55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The

Commissioner bears the burden of proof at step five. *Id.* at 953–54. At step five, the

Commissioner must show that the claimant can perform other work that exists in significant

numbers in the national economy, "taking into consideration the claimant's residual functional

capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir.

1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work

which exists in the national economy"). If the Commissioner fails to meet this burden, the

claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the

Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954–55;

*Tackett*, 180 F.3d at 1099.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity

since her amended alleged onset date. Tr. 20. At step two, the ALJ found that Plaintiff had the

following severe impairments: bilateral hip osteoarthritis with trochanteric bursitis; lumbar

degenerative disc disease; obesity; and COPD. *Id.* At step three, the ALJ found that Plaintiff did

not have an impairment or combination thereof that met or medically equaled the severity of a

listed impairment. Tr. 23. The ALJ found that Plaintiff had the RFC to perform light work with

the following limitations:

> [Plaintiff] can occasionally crawl, crouch, stoop, and climb
> ladders, ropes, scaffolds, ramps, and stairs; can frequently balance
> and kneel; can frequently, but not constantly, handle and finger
> bilaterally; can have no more than occasional exposure to hazards
> such as machinery and heights; can have no more than occasional
> exposure to pulmonary conditions such as fumes, noxious odors,
> dusts, mists, gases, and poor ventilation.

Tr. 23. At step four, the ALJ determined that Plaintiff had past relevant work experience. Tr. 26.

The ALF did not reach step five due to a determination at step four that the Plaintiff had past

relevant work and the residual functional capacity to perform said work. *Id.* The ALJ thus found

Plaintiff was not disabled within the meaning of Act. Tr. 27.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper

legal standards and the legal findings are supported by substantial evidence in the record. 42

U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see

also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means

'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v.

Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53

F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court

must weigh "both the evidence that supports and detracts from the [Commissioner's]

conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of

the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff asserts that remand is warranted for two reasons: (1) the ALJ erred by not properly explaining why they rejected medical opinion evidence; and (2) the ALJ failed to identify specific, clear and convincing reasons supported by substantial evidence to discredit Plaintiff's subjective symptom testimony. Pl.'s Br. 5, ECF No. 27. The Court addresses each argument tin turn.

### I.    Medical Evidence

Plaintiff assigns error to the ALJ's evaluation of the opinion of her examining physician, Robert Arnsdorf, M.D. *See* Pl.'s Br. 5–12, ECF No. 27. The ALJ is responsible for resolving conflicts in the medical record, including conflicting doctors' opinions. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). Since this claim was filed after March 27, 2017, the law no longer distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *See* 20 C.F.R. §§ 404.1520c[4].

Under the new regulations, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness. 20 C.F.R. §§ 404.1520c(b)(2), 416.1520c(b)(2). ALJs are required to "articulate ... how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." 20 C.F.R. §§ 404.1520c(b), 416.920c(b). "At the least, this appears to necessitate that an ALJ specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion." *Linda F.*, 2020 WL 6544628, at *2. The two most important factors in doing so are the opinion's "supportability" and "consistency." *Id.* ALJs must

---

[4] The Commissioner has issued revised regulations changing this standard for claims filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Distinctions between types of physicians still applies to claims filed before March 27, 2017. *See* 20 C.F.R. §§ 404.1527, 416.927.

articulate "how [they] considered the supportability *and* consistency factors for a medical source's medical opinions ... in [their] decision." 20 C.F.R. §§ 404.1520c(b)(2), 416.1520c(b)(2) (emphasis added). Regarding supportability, the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support [their] medical opinion, the more persuasive the medical opinions ... will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). For consistency, the "more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) ... will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). ALJs may consider other factors relating to the provider's relationship with the claimant; however, they are not required to do so except in a limited number of circumstances. 20 C.F.R. §§ 404.1520c(b)(3), 416.1520c(b)(3). The parties do not dispute that the new regulations apply.

The new regulations do not, however, upend the Ninth Circuit's caselaw relating to medical evidence, which remains binding on this Court. As an example, it remains true that ALJs may not cherry-pick evidence when discounting a medical opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014); *see also Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (reversing ALJ's selective reliance "on some entries in [the claimant's records while ignoring] the many others that indicated continued, severe impairment"). ALJs also may not dismiss a medical opinion without providing a thorough, detailed explanation for doing so:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) (citation

omitted). It is not disputed that the new regulations eliminated the previous hierarchy of medical

opinion testimony giving special status to treating physicians, however, ALJs still must provide

sufficient reasoning for federal courts to engage in meaningful appellate review. *See Bunnell v.

Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be

forced to speculate as to the grounds for an adjudicator's rejection" of certain evidence); *see

also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although

the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to

meaningfully determine whether the ALJ's conclusions were supported by substantial

evidence.").

Dr. Arnsford served as Plaintiff's examining physician beginning in June 2016, with her

last visit being only once in 2018. Tr. 901. Dr. Arnsford noted Plaintiff's self-reports that she

was experiencing pain in her back and lower extremities. Tr. 647, 906. Dr. Arnsford opined that,

due to her reported pain and upon his physical examination, Plaintiff could work in a generally

sedentary capacity and would need to be able to shift from standing, to sitting, to walking

regularly over a normal workday. Tr. 648, 901–05, 907. Dr. Arnsford also noted sacroiliac joint

pain was a contributor, though Plaintiff's lack of insurance would not allow him to look

properly. Tr. 906.

The ALJ found Dr. Arnsford's opinion "unpersuasive," stating that the evidence Dr.

Arnsford relied on was mostly subjective reports, with only a single test performed in August

2017 that showed only mild abnormalities. Tr. 26. Because of this, and "other objective evidence

in the record," the ALJ found Dr. Arnsford's rather significant exertional limitations

unsupported. *Id.*

The Commissioner argues that the ALJ properly discounted Dr. Arnsford's opinion because it was not entirely consistent with the evidence on record, and states that the ALJ "relied on the lack of objective medical evidence of limitations to discredit Plaintiff's alleged subjective symptoms." Def.'s Br. 6–7, ECF No. 28. However, the ALJ did not explain why and how Dr. Arnsford's opinion was specifically inconsistent and unsupported. Neither did the ALJ properly explain how and why the "other objective evidence in the record" was specifically inconsistent. The ALJ only made a note of Plaintiff's last visit to Dr. Arnsdorf but did not address the previous visit, nor explain any resulting issues of consistency and supportability, providing only a vague reference to "other objective evidence in the record." Tr. 26. Accordingly, the ALJ erred in evaluating Dr. Arnsdorf's medical opinion.

## II.    Subjective Symptom Testimony

The ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 24. Plaintiff assigns error to the ALJ's evaluation of her subjective symptom testimony, specifically that the ALJ did not provide specific, clear and convincing reasons supported by substantial evidence in the record to discredit Plaintiff's testimony. Pl.'s Br. 12, ECF No. 27.

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so."

*Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion that the claimant is not credible is insufficient; instead, the ALJ "must state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[5] SSR 16-3p, 2017 WL 5180304, at *2 (S.S.A. Oct. 25, 2017). The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

Plaintiff testified to the severity of her pain on several occasions, including stating her hips "[felt] like they're on fire." Tr. 58. Plaintiff testified that normally, when she sleeps, she "might be asleep for an hour ... and it's like I have two huge charley horses right in the middle of my lower back." *Id*. Plaintiff cited again the intensity of her pain while trying to sleep, saying

---

[5] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p, 2017 WL 5180304, at *1–2 *(S.S.A. Oct. 25, 2017)*.

she "might fall asleep for a few more minutes, and then [ ] wake up again. Because that hip is, like screaming at me." *Id.* Plaintiff also testified the strength in her legs "are getting worse." Tr. 62. Plaintiff testified she also struggles with daily activities, stating she does limited cleaning two days a week and must set aside the entire day to get the work done. Tr. 64. Plaintiff also struggles to remain standing for any length of time, stating she sits at the kitchen table when she has to cut tomatoes and onions. Tr. 65. Plaintiff also states she experiences significant pain when doing dishes, and preservers through it. *Id.* Plaintiff testified she cannot drive with both hands because she gets painful pins and needles in them. Tr. 67–68. Plaintiff testified due to her pain and fatigue caused by lack of sleep due to her pain, she feels like she can't get out of bed due to lack of energy. Tr. 69. Plaintiff also stated it takes her all day to prepare a meal from a recipe. *Id.* Plaintiff stated having to change positions from standing to sitting "a lot" and that sitting to testify was "the longest I've sat in a chair for I can't even remember at one time." Tr. 70.

Here, the ALJ rejected Plaintiff's subjective symptom testimony. The Commissioner asserts the ALJ ultimately supplied two valid reasons that undermined Plaintiff's subjective complains: (A) an inconsistency with the medical record; and (B) an inconsistency with her activities of daily living, Def.'s Br. 6–11, ECF No. 28.

## A. Medical Record

As noted, the Commissioner asserts that the ALJ properly discounted Plaintiff's allegations because they were inconsistent with the objective medical evidence. Def.'s Bri. 7–9. ECF No. 28. In some circumstances, an ALJ may reject subjective complaints where the claimant's "statements at her hearing do not comport with objective medical evidence in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

However, a lack of objective evidence may not be the sole basis for rejecting a claimant's subjective complaints. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

An independent review of the record establishes that the ALJ properly considered the objective medical record in discounting the Plaintiff's subjective symptom testimony. For example, the ALJ considered the Plaintiff's diagnosis of bilateral trochanteric bursitis. Tr. 24, 387. The ALJ also considered the cortisol injections that relieved the pain only for the pain to return about a week later. Tr. 24, 390. The ALJ took into account the prescribed tramadol and physical therapy, which the Plaintiff reported was helping. Tr. 24, 390. The ALJ also considered Plaintiff had 5/5 strength bilaterally in hip flexors, as well as significant pain when rotating hips internally. Tr. 24, 447, 906. The ALJ further considered imaging from 2017 which showed mild abnormalities in the pelvis and hips, and a physical exam in February 2019 where her strength, sensation, and reflexes in her lower limbs are normal. Tr. 24, 906. The ALJ considered Plaintiff's chronic back pain, first reported in 2014, where imaging done in September 2014 showed no evidence of compression deformity, spondylolisthesis, and her alignment was intact. Tr. 24, 405. The ALJ considered further imaging and tests of the spine as well, from imagining done in 2016 showing minimal disc degenerative changes with broad-based disc protrusions but no deformity and minimal enhancement/edema in the vertebral bodies and facet joints. Tr. 24–25, 441. The ALJ also considered imaging done in 2018, which showed no significant lumbar disc disease and a normal gait. Tr. 25, Tr. 884–85. As such, the medical record provided clear and convincing reason to reject Plaintiff's testimony.

### B.  Activities of Daily Living

The Commissioner contends the ALJ properly rejected Plaintiff's testimony based upon her activities of daily living. Def.'s Br. 9, ECF No. 28. Activities of daily living can form the

basis for an ALJ to discount a claimant's testimony in two ways: (1) where the activities "contradict [a claimant's] testimony"; or (2) as evidence a claimant can work if the activities "meet the threshold for transferable work skills." *Orn*, 495 F.3d at 639. A claimant, however, need not be utterly incapacitated to receive disability benefits, and sporadic completion of minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity to be inconsistent with the claimant's alleged limitations to be relevant to her credibility).

The ALJ cited Plaintiff's ability to do simple chores, such as making family dinners, sweeping, vacuuming, and running errands as being contrary to her testimony. Tr. 26. The Ninth Circuit, however, has consistently held that such a modest level of activity is not sufficient to reject subjective complaints. *See Vertigan*, 260 F.3d at 1050 ("This court has repeatedly asserted that the mere fact that a Plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989))).

Moreover, the ALJ's discussion of Plaintiff's daily activities failed to explain "what symptom testimony [was] not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284; *see also Dodrill*, 12 F.3d at 918. The ALJ noted only two references to the Plaintiff's daily activities, which only repeated claims of making family dinners, running errands, cleaning the house, sweeping, vacuuming, and doing laundry. Tr. 24–25; *but see Vertigan*, 260 F.3d at 1050 ("One does not need to be 'utterly incapacitated' in order to be disabled." (citation omitted)). An "ALJ's mere recitation of a claimant's activities is insufficient

to support rejection of the claimant's testimony as a matter of law." *David J. v. Comm'r, Soc. Sec. Admin.*, No. 3:20-cv-00647-MK, 2021 WL 3509716, at \*4 (D. Or. Aug. 10, 2021) (citation omitted). In other words, other than generally summarizing Plaintiff's activities, the ALJ failed to explain how any of the listed activities undermined her subjective symptom testimony. Therefore, this was not a clear and convincing reason to reject Plaintiff's testimony. *See id.*

## III.    Remand

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g., Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Garrison*, 759 F.3d at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808

F.3d at 407 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014)) (internal quotations omitted).

Here, the first requisite is met based on the ALJ's harmful legal errors. As discussed above, the ALJ failed to supply legally sufficient reasons for rejecting Plaintiff's subjective symptom testimony and the medical opinion evidence. Additionally, the ALJ's step-two determination was not supported by substantial evidence.

As to the second requisite, the Ninth Circuit has held that remanding for proceedings rather than for an immediate payment of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities." *Treichler*, 775 F.3d at 1101 (internal quotations and citations omitted). Here, the Court finds that the record would benefit from further development so that the ALJ can properly assess Plaintiff's subjective symptom testimony and the medical opinion evidence as well as reassess the ALJ's step-two findings. *See id.* at 1105 (noting that the evaluation of testimony and evidence are "exactly the sort of issues that should be remanded to the agency for further proceedings").

Accordingly, this case should be remanded for further administrative proceedings to: (1) reevaluate Plaintiff's subjective symptom testimony; (2) reevaluate the medical opinion evidence of Dr. Arnsford; and (3) conduct any further necessary proceedings. *See Burrell*, 775 F.3d at 1141.

## CONCLUSION

For the reasons discussed above, the Commissioner's decision was not based on substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED and DATED this 31 day of March, 2023.

MARK D. CLARKE
United States Magistrate Judge